[Cite as *State v. Mutter & Mutter*, 2016-Ohio-512.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 15CA3690 |
| | | 15CA3691 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| BUDDY C. MUTTER and | : | |
| MELVIN MUTTER, | | **RELEASED: 2/8/2016** |
| | : | |
| Defendants-Appellees. | | |

APPEARANCES:

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay S. Willis and Joseph Hale, Scioto County Assistant Prosecuting Attorneys, Portsmouth, Ohio, for appellant.

Eddie Edwards, Portsmouth, Ohio, for appellee Buddy Mutter.

Matthew F. Loesch, Portsmouth, Ohio, for appellee Melvin Mutter.

Harsha, J.

{¶1} The State of Ohio appeals from dismissals, based on double jeopardy, of ethnic intimidation indictments against brothers Buddy and Melvin Mutter. The brothers originally faced felony ethnic intimidation charges in municipal court, but pled no contest there to misdemeanor offenses. The state asserts that the court of common pleas erred in dismissing the subsequent indictment charging the Mutters with ethnic intimidation because jeopardy never attached to their municipal court misdemeanor convictions. We agree.

{¶2} The common pleas court determined that the Mutters pleaded no contest in municipal court to reduced misdemeanor offenses in return for the dismissal of the felony ethnic intimidation charges, and that the convictions for lesser included misdemeanor offenses barred subsequent prosecution for the underlying incident.

However, the trial court's finding that Buddy Mutter's ethnic intimidation charge had been reduced to the lesser included offense of aggravated menacing is not supported by the record. Instead, the charge was amended to menacing by stalking, which is not a lesser included offense of ethnic intimidation. Therefore, Buddy Mutter's conviction for menacing by stalking did not bar his subsequent indictment for ethnic intimidation. Likewise, the trial court found that Melvin Mutter pleaded guilty to menacing by stalking as a reduction of his ethnic intimidation charge. But again, because menacing by stalking is not a lesser included offense of ethnic intimidation, his conviction for this misdemeanor did not bar his subsequent indictment for ethnic intimidation.

{¶3} The trial court erred in dismissing the indictment against the Mutters based on the record before it. We sustain the state's second assignment of error, reverse the judgment dismissing the indictment, and remand the cause for further proceedings on the indictment. Our holding renders the state's remaining assignments of error moot.

## I. FACTS

### A. Melvin Mutter Municipal Court Criminal Cases

{¶4} On October 20, 2014, Portsmouth Municipal Court Case No. 1401576, charged Melvin Mutter with ethnic intimidation. On October 23, 2014, the municipal court dismissed that case without prejudice. On the same date that the municipal court dismissed the ethnic intimidation charge, the state filed Case No. 1401599 charging Melvin Mutter with menacing by stalking under R.C. 2903.211. On October 29, 2014, the municipal court convicted him on his no contest plea, sentenced him to a suspended sentence of 180 days in jail, and placed him on probation.

{¶5}   On October 20, 2014 in Case No. 1401577, the state also charged Melvin Mutter with aggravated menacing under R.C. 2903.21 and public indecency under R.C. 2907.09(A)(1).  On October 29, 2014, the municipal court convicted him on his no contest plea to aggravated menacing, sentenced him to 180 days in jail, suspended 150 days of the jail term, placed him on probation, and fined him $50.  The court dismissed his public indecency charge.

B. Buddy Mutter Municipal Court Criminal Cases

{¶6}   On October 20, 2014, Portsmouth Municipal Court Case No. 1401578, charged Buddy Mutter with ethnic intimidation in violation of R.C. 2927.12.  The complaint alleged that on or about October 17, 2014, Buddy Mutter "did knowingly violate Section 2903.21, 2903.22, 2909.66, 2909.07 or 2917.21 of the ORC by reason of the race or national origin of another person to wit:  intimidating victim Robert Booker by insulting his race and ethnicity."  A notation on the complaint stated that the charge was reduced to "M1 2903.21" on October 23, that Buddy Mutter pleaded no contest, and that he was sentenced.

{¶7}   Notwithstanding the notation on the complaint, the official docket for Case No. 1401578 establishes that the ethnic intimidation charge was instead amended to a charge of menacing by stalking in violation of R.C. 2903.211, a misdemeanor of the first degree.  After Buddy Mutter pleaded no contest to that charge on October 23, 2014, the municipal court sentenced him to a suspended 180-day jail term and placed him on probation.

{¶8}   A separate municipal court criminal case, Case No. 1401579, also filed on October 20, 2014, charged Buddy Mutter with aggravated menacing in violation of R.C.

2903.21, a misdemeanor of the first degree.  On October 23, 2014, the municipal court convicted him upon his no contest plea, sentenced him to a suspended 180-day jail term, and placed him on probation.

### C. Common Pleas Court Case

{¶9}    Following the municipal court criminal proceedings, on November 4, 2014, the Scioto County Grand Jury returned an indictment charging Buddy and Melvin Mutter with one count each of ethnic intimidation in violation of R.C. 2927.12.  The indictment alleged that "[o]n or about October 17, 2014, at Scioto County, Ohio, Buddy C. Mutter (A), Melvin L. Mutter (B), unlawfully, did violate Section 2903.21 of the Revised Code, Aggravated Menacing, by reason of race, color, religion, or natural origin of another person or group of persons."  The state later filed a bill of particulars which reiterated the allegations of the indictment.

{¶10}  Melvin Mutter filed a motion to dismiss the case based on double jeopardy.  In his motion counsel argued that he had pleaded guilty[1] to the charges of aggravated menacing and menacing by stalking in the municipal court and that he had served his sentence on those matters.  He further argued the parties had agreed that the ethnic intimidation charge would be dismissed as part of the plea agreement, so that the subsequent indictment on that charge violated his double jeopardy rights.

{¶11}  Buddy Mutter also filed a motion to dismiss based on double jeopardy. He argued that the municipal court's amendment of his ethnic intimidation charge to aggravated menacing and his conviction upon his no contest plea precluded the subsequent indictment on the ethnic intimidation charge.  He attached a copy of the

---

[1] He actually pleaded no contest to these charges.

ethnic intimidation complaint in municipal court Case No. 1401578, which included the handwritten notation suggesting that the charge was reduced to aggravated menacing on October 23, 2014. But he did not include the sentencing entry from that case. Instead, he included his sentencing entry from Case No. 1401579, which addresses a separate aggravated menacing charge.

{¶12} The state submitted a written response arguing that the Mutters' motions were meritless because the predicate offense of aggravated menacing was not a lesser included offense of ethnic intimidation and could not support their double jeopardy claim.

{¶13} The trial court conducted a hearing on the motions but none of the parties submitted evidence. Melvin Mutter's counsel argued that the state had amended an ethnic intimidation charge in the municipal court to menacing by stalking and that he pleaded no contest to the amended charge and a separate aggravated menacing charge with the understanding that it would resolve the case. He claimed that he pled to lesser included offenses of ethnic intimidation, which under the prohibition against double jeopardy precluded the indictment. Buddy Mutter's counsel also argued that his client's ethnic intimidation charge had been reduced to a lesser included offense, which barred his subsequent indictment by double jeopardy.

{¶14} The state countered that the Mutters had pleaded no contest to predicate offenses, rather than lesser included offenses, to the ethnic intimidation charges in the municipal court and that the municipal court exceeded its authority by accepting pleas that reduced the felony offenses to misdemeanor offenses.

{¶15} The trial court entered judgments granting the Mutters' motions and dismissing the indictment charging them with ethnic intimidation. The trial court found that in Portsmouth Municipal Court Case No. 1401578, Buddy Mutter was charged with ethnic intimidation and that "[t]his case alleged the same violation on October 17, 2014, which is the same factual situation as contained in the present indictment." The trial court determined that this charge had been reduced to aggravated menacing and the municipal court found him guilty upon his no-contest plea to that charge and sentenced him. The trial court concluded that Buddy Mutter's conviction of the aggravated menacing charge in Case No. 1401578, which constituted a predicate offense for his ethnic intimidation charge, precluded his subsequent indictment for ethnic intimidation.

{¶16} The trial court noted the municipal court had dismissed Melvin Mutter's ethnic intimidation charge and on the same day, a menacing by stalking charge was filed against him in a separate municipal court case. The trial court concluded that "it was the intent of the State of Ohio and defendant in the Portsmouth Municipal Court to plead to a charge of Aggravated Menacing by Stalking as a reduction to the offense of Ethnic Intimidation (F5)", barring his subsequent indictment on the ethnic intimidation charge.

{¶17} The state appeals the judgments dismissing the indictment against the Mutters as a matter of right.[2] We consolidated these appeals for purposes of decision.

## II. ASSIGNMENTS OF ERROR

{¶18} The state assigns the following errors for our review:

---

[2] R.C. 2945.67(A) provides that "[a] prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment * * *."

1.  THE TRIAL COURT ERRED BY NOT CONDUCTING AN EVIDENTIARY HEARING TO DETERMINE THE FACTS AND CIRCUMSTANCES SURROUNDING THE PROCEDURES UTILIZED BY THE PORTSMOUTH MUNICIPAL COURT IN REDUCING, OR AMENDING THE FELONY ETHNIC INTIMIDATION CHARGES.

2.  THE TRIAL COURT'S DISMISSAL OF THE INDICTMENT FOR ETHNIC INTIMIDATION WAS ERROR AS JEOPARDY NEVER ATTACHED AND THE COURT OF COMMON PLEAS DOES HAVE JURISDICTION TO PROCEED.

3.  THE DISMISSAL OF THE INDICTMENT IN THIS INSTANCE BY THE COURT OF COMMON PLEAS WAS BOTH PLAIN ERROR, AND AN ABUSE OF DISCRETION PURSUANT TO THE FACTS AND THE RELEVANT CASELAW.

### III. STANDARD OF REVIEW

**{¶19}**   We apply a de novo standard of review to a lower court's ruling on a motion to dismiss an indictment based on double jeopardy.  *See State v. Trimble*, 4th Dist. Pickaway No. 13CA8, 2013-Ohio-5094, ¶ 5; *State v. Hill*, 2015-Ohio-2389, 37 N.E.3d 822, ¶ 17 (8th Dist.) ("We review a trial court's judgment on a motion to dismiss an indictment de novo").  However, insofar as the trial court was required to make certain factual findings, we are bound to accept them if they are supported by competent, credible evidence.  *State v. O'Neal*, 12th Dist. Warren No. CA2014-08-104, 2015-Ohio-1096, ¶ 15.

### IV. LAW AND ANALYSIS

#### Double Jeopardy

**{¶20}**   Because it is dispositive we start with the state's second assignment of error, which asserts that the trial court erred in granting the Mutters' motions to dismiss the indictment based on double jeopardy.

{¶21} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." "This protection applies to Ohio citizens through the Fourteenth Amendment to the United States Constitution, *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), and is additionally guaranteed by the Ohio Constitution, Article I, Section 10." *State v. Ruff*, 143 Ohio St,3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. "The Double Jeopardy Clause protects against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense' " in a single prosecution. *Id.* quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). It is the second protection—a second prosecution for the same offense after conviction—that is pertinent here.

{¶22} The successive prosecution branch of the Double Jeopardy Clause prohibits the state from trying a defendant for a greater offense after a conviction of a lesser included offense and from twice trying a defendant for the same offense. *State v. Moore*, 8th Dist. Cuyahoga Nos. 100483 and 1000484, 2014-Ohio-5682, ¶ 36, quoting *State v. Mullins*, 5th Dist. Fairfield No. 12 CA 17, 2013-Ohio-1826, ¶ 12; *State v. Bentley*, 4th Dist. Athens No. 01CA13, 2001 WL 1627645, *3 (Dec. 6, 2011), quoting *State v. Bickerstaff*, 10 Ohio St.3d 62, 64, 461 N.E.2d 892 (1984) ("the successive prosecution branch of the Double Jeopardy Clause 'prohibits the state from trying a defendant for a greater offense after a conviction of a lesser included offense' and from

twice trying a defendant for the same offense"). Consequently, "[w]hatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Brown v. Ohio*, 423 U.S. 161, 169, 53 L.Ed.2d 187, 97 S.Ct. 2221 (1977).

**{¶23}** The common pleas court determined that in Case No. 1401578, the municipal court reduced Buddy Mutter's ethnic intimidation charge to aggravated menacing and that this misdemeanor offense constituted a lesser included offense of ethnic intimidation, thus barring the subsequent indictment for the felony offense. Nevertheless, the record for that case, which is accessible online as a public record, disproves this factual determination. Instead, the record for Case No. 1401578 explicitly indicates that the ethnic intimidation charge was not reduced or amended to a charge of aggravated menacing, but was amended to a charge of menacing by stalking.

**{¶24}** Similarly, in Melvin Mutter's case, the common pleas court relied on the filing of a new charge of menacing by stalking, filed in a separate case on the same date that the ethnic intimidation charge was dismissed, to conclude that the ethnic intimidation charge had been reduced to the menacing by stalking charge.

**{¶25}** The ethnic intimidation charge that was the subject of the grand jury indictment was premised on the predicate offense of aggravated menacing as proscribed by R.C. 2903.21, not menacing by stalking as proscribed by R.C. 2903.211. R.C. 2927.12(A) defines ethnic intimidation stating that "[n]o person shall violate section 2903.21, 2903.22, 2909.06, or 2909.07, or division (A)(3), (4), or (5) of section 2917.21 of the Revised Code by reason of the race, color, religion, or national origin of another person or group of persons."

**{¶26}** The predicate offenses identified in R.C. 2927.12, including aggravated menacing under R.C. 2903.21, constitute lesser included offenses of ethnic intimidation.[3] *State v. Wyant*, 64 Ohio St.3d 566, 580, 597 N.E.2d 450 (1992), *vacated on other grounds*, *Ohio v. Wyant*, 508 U.S. 969, 125 L.Ed.2d 656, 113 S.Ct. 2954 (1993); *State v. McCoy*, 1st Dist. Hamilton No. C-090599, 2010-Ohio-5810, fn. 26, citing *Wyant* for the proposition that "in the context of the ethnic-intimidation statute, a specifically mentioned predicate offense is a lesser-included offense."   The dispositive issue here is whether the menacing by stalking offenses, which the ethnic intimidation charges were reduced to in the municipal court, constitute lesser included offenses of the ethnic intimidation charges of the indictments.

**{¶27}** "In determining whether an offense is a lesser included offense of another, a court shall consider whether one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed."  *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, paragraph two of the syllabus, clarifying *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988); *see also State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, 989 N.E.2d 986, ¶ 10-13.

---

[3] The state argues that predicate offenses like aggravated menacing are not lesser included offenses of ethnic intimidation because the United States Supreme Court held in *Garrett v. United States*, 471 U.S. 773, 85 L.Ed.2d 764, 105 S.Ct. 2407 (1985) that prosecution for the crime of continuing criminal enterprise (CCE), after an earlier prosecution for a predicate offense, did not violate double jeopardy because Congress intended that CCE be a separate offense and to permit prosecution for both predicate offenses and CCE.  The state is incorrect.  *Garrett* is not applicable here because that holding "merely adhered to [the Supreme Court's] understanding that legislatures have traditionally perceived a qualitative difference between conspiracy-like crimes and the substantive offenses upon which they are predicated." *Rutledge v. United States*, 517 U.S. 292, 300, 134 L.Ed.2d 419, 116 S.Ct. 1241, fn. 12 (1996).  This case does not involve any conspiracy or comparable charge.

{¶28} Menacing by stalking is not a predicate offense of ethnic intimidation. *See* R.C. 2927.12(A) and 2903.211. Nor is it a lesser included offense of ethnic intimidation because the greater offense—ethnic intimidation—can be committed without the lesser offense—menacing by stalking—being committed. In fact, the indictment here specified aggravated menacing as the predicate offense for the ethnic intimidation charge against the Mutters, not menacing by stalking.

{¶29} The common pleas court erred in relying upon the purported reduction of the ethnic intimidation charges to menacing by stalking to make its finding of double jeopardy. Although separate aggravated menacing charges were filed against the Mutters in the municipal court in separate cases, the trial court could not properly rely on these charges to support its dismissal of the indictment. There is no evidence in the record or the municipal court's publicly accessible dockets to determine whether these charges arose from the same incident as in the indictment. Thus, we sustain the state's second assignment of error, albeit for reasons other than the primary contentions it raises. Our holding renders the state's remaining arguments moot. *State v. Brigner*, 4th Dist. Athens No. 14CA19, 2015-Ohio-2526, ¶ 16, citing App.R. 12(A)(1)(c).

## V. CONCLUSION

{¶30} The trial court erred in dismissing the indictment charging the Mutters with ethnic intimidation based on prior municipal court cases in which the court convicted them on reduced charges of menacing by stalking. Menacing by stalking does not constitute a lesser included offense of ethnic intimidation and thus a conviction for that misdemeanor cannot bar a subsequent prosecution for ethnic intimidation based on double jeopardy. We sustain the state's second assignment of error, reverse the trial

court's judgments dismissing the indictment against Buddy and Melvin Mutter, and

remand the cause for further proceedings.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellees shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J.: Concurs in Judgment and Opinion.
Hoover, J.: Concurs in Judgment Only.

For the Court

BY: _____
     William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**