[Cite as *State v. Redmyer*, 2017-Ohio-572.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.     15CA0012-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| MATTHEW REDMYER | COUNTY OF MEDINA, OHIO |
| | CASE No.     14CR0182 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: February 21, 2017

---

CARR, Presiding Judge.

{¶1}    Appellant, Matthew Redmyer, appeals the judgment of the Medina County Court of Common Pleas.  This Court affirms in part, reverses in part, and remands this matter for further proceedings.

I.

{¶2}    This matter stems from three separate burglaries of the same house in Medina, Ohio, in November 2013.  On March 26, 2014, the Medina County Grand Jury indicted Redmyer on three counts of burglary and three counts of grand theft.  All of the charges included firearm specifications.  Redmyer pleaded not guilty to the charges at arraignment.

{¶3}    The State subsequently moved to amend the indictment.  The trial court issued a journal entry amending the indictment by dismissing one count of grand theft and the attendant firearm specification, dismissing several additional firearm specifications, and amending one count of grand theft to delete any reference to the property being firearms and specifying that the

value of the property was greater than $1000 but less than $7500. Redmyer entered pleas of no contest to the charges in the amended indictment. After finding Redmyer guilty, the trial court ordered a presentence investigation report and set the matter for sentencing. After the sentencing hearing, the trial court issued a sentencing entry on January 13, 2015, imposing an aggregate prison term of seven years and giving Redmyer credit for 145 days served. The trial court ordered Redmyer to pay $75,000 in restitution to the victims. The trial court also imposed an "optional" post-release control term of three years.

{¶4} On appeal, Redmyer raises three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE COURT ERRED BY NOT FINDING THAT COUNTS IV AND VI MERGED INTO COUNT[] I AND COUNT[] III.

{¶5} In his first assignment of error, Redmyer argues that the trial court erred by refusing to merge certain charges in the indictment. This Court disagrees.

{¶6} In support of his assignment of error, Redmyer contends that the burglary charge contained in count one, which included a firearm specification, and the grand theft of a firearm charge contained in count four, should have merged as allied offenses for sentencing purposes. Redmyer argues that the firearm specification attached to the burglary charge transformed the intent of that crime from "an abstract intent to commit any number of crimes" to a specific intent to commit theft of a firearm. Redmyer renews this line of reasoning in regard to the burglary charge in count three and the theft charge in count six, arguing that the burglary should have been merged into the count of theft.

{¶7} This Court applies a de novo standard of review when reviewing a trial court's decision regarding the merger of convictions for the purposes of sentencing. *State v. Williams,*

134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1. "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense." *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23. R.C. 2941.25 states as follows:

> (A) Where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶8} The Supreme Court of Ohio has held that two or more offenses may result in multiple convictions if "(1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 25. The Supreme Court stressed that this inquiry "is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id*. at ¶ 26.

{¶9} As noted above, Redmyer was convicted of three counts of burglary in violation of R.C. 2911.12(A)(3), which states "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure * * * with purpose to commit in the structure * * * any criminal offense." The burglary charge in count one contained a firearm specification, which is applicable when the indictment "specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense." R.C. 2941.141(A). Redmyer was also convicted of theft in violation of R.C. 2913.02(A)(1), which states "[n]o person, with purpose to deprive the owner of property * * *, shall knowingly obtain

or exert control over the property * * * [w]ithout the consent of the owner or person authorized to give consent[.]" Count four of the amended indictment stated that the property stolen by Redmyer was a firearm. R.C. 2913.02(B)(4) specifies that if the property stolen during the commission of a theft is a firearm, the offense is characterized as grand theft.

{¶10} It is the defendant's burden to establish that the trial court failed to merge the sentences for allied offenses of similar import and that the defendant is entitled to the protection of R.C. 2941.25. *State v. Dembie*, 9th Dist. Lorain No. 14CA010527, 2015-Ohio-2888, ¶ 8. Here, Redmyer's convictions stem from three separate home invasions that occurred in November 2013. Redmyer was convicted of burglary with a firearm specification and grand theft of a firearm in regard to the events that unfolded on November 11, 2013. He was convicted of burglary in relation to a second invasion of the same house on November 12, 2013. He was also convicted of burglary and theft with respect to a third entry into the same house later in November 2013.

{¶11} Redmyer has not offered any legal authority in support of his argument that the firearm specification attached to count one transformed the intent of the underlying burglary charge from an abstract intent to commit any number of crimes to a specific intent to commit theft of a firearm. This Court finds no legal authority in support of that proposition. With respect to the burglary and grand theft offenses committed on November 11, 2013, at the point in time when Redmyer entered the apartment without permission with the intent to commit a criminal offense, he had committed the crime of burglary. It was not until later when Redmyer took the victim's gun that he committed the crime of grand theft of a firearm. *See State v. Evett*, 9th Dist. Medina No. 14CA0008-M, 2015-Ohio-2722, ¶ 39 (holding that the offenses of burglary and theft were committed separately where the burglary was completed upon the unlawful entry

into an apartment with the intent to commit a criminal offense and the commission of the theft came subsequently). The same logic holds true for the burglary offense in count three and theft offense in count six that were committed on the same day later in November. As Redmyer has not cited any authority in support of his position that the firearm specification attached to count one fundamentally altered the nature of the underlying burglary offense, he has failed to carry his burden on appeal in this regard. App.R. 16(A)(7). If there is an argument that can support his interpretation, "it is not this [C]ourt's duty to root it out." *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶12} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE COURT ABUSED ITS DISCRETION BY SENTENCING MR. REDMYER TO CONSECUTIVE SENTENCES.

{¶13} In his second assignment of error, Redmyer contends that the trial court did not make the finding necessary under R.C. 2929.14(C)(4) in order to impose consecutive sentences. This Court agrees.

{¶14} The trial court imposed a 24-month prison term on the burglary charge in count one along with a 12-month prison term for the attendant firearm specification. The trial court also imposed 24-month prison terms for the burglary charges in counts two and three. With respect to the grand theft of a firearm charge in count four, the trial court imposed a 24-month prison term. The trial court also imposed a 12-month prison term on the theft charge in count six. The trial court ordered that the prison terms for count one and the attendant firearm specification, as well as the prison terms for counts two and three, run consecutively to each other, and concurrently with the prison terms for counts four and six, for a total prison term of seven years.

{¶15} In support of his assignment of error, Redmyer contends that the trial court never made the additional finding under R.C. 2929.14(C)(4)(a), (b), or (c) in order to impose consecutive sentences. Redmyer further argues that the findings made at the sentencing hearing are incongruent with the findings made in the sentencing entry.

{¶16} Pursuant to R.C. 2929.14(C)(4):

[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶17} The Supreme Court of Ohio in *State v. Bonnell* held that, "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at syllabus.

{¶18} At the sentencing hearing, the trial court noted that it had considered all of the relevant factors outlined under R.C. 2929.12 through R.C. 2929.14, and it appeared to make findings pursuant to R.C. 2929.14(C)(4)(c). The trial court stated on the record that its

sentencing decision was based on the seriousness of the offense, the recidivism factors, the need to protect the public from future crime, and the need to punish Redmyer for his actions in this matter. The trial court also stated that its review of the PSI suggested that Redmyer had a history of failing to comply with past attempts at supervision and that he had a continuing criminal history after he committed the offenses that gave rise to this case.

{¶19} Subsequently, in the June 19, 2015 sentencing entry, the trial court made findings pursuant to R.C. 2929.14(C)(4)(b):

> The Court hereby finds pursuant to 2929.14(C)(4) that consecutive prison sentences are necessary to protect the public from future crime and to punish the offender and the consecutive sentences are not disproportionate to the seriousness of the offenders conduct and to the danger the offender poses to the public and the multiple offenses were committed to one or more courses of conduct and the harm causes by the multiple offenses committed is so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offenders conduct. [Sic]

{¶20} Given the trial court's disparity in findings, we are compelled to reverse and remand this matter. While the trial court made a finding pursuant to R.C. 2929.14(C)(4)(c) at the sentencing hearing, its findings in support of consecutive sentences in the sentencing entry invoked R.C. 2929.14(C)(4)(b). Accordingly, this matter must be remanded for the trial court to clarify its findings in support of imposing consecutive sentences.

{¶21} The assignment of error is sustained.

## ASSIGNMENT OF ERROR III

THE COURT COMMITTED PLAIN ERROR BY FAILING TO ORDER RESTITUTION AS JOINT AND SEVERAL WITH CODEFENDANTS.

{¶22} In his third assignment of error, Redmyer argues that because he had codefendants, the trial court committed plain error by not ordering that the $75,000 restitution be divided jointly and severally. Redmyer alleges that one of his codefendants was also ordered to

pay $75,000 in restitution and the trial court should have included language assuring that their restitution payments to the victims would offset.  This Court disagrees.

{¶23}  Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  To constitute plain error, the error must be obvious and have a substantial adverse impact on both the integrity of, and the public's confidence in, the judicial proceedings.  *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995).  A reviewing court must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice.  *State v. Bray*, 9th Dist. Lorain No. 03CA008241, 2004-Ohio-1067, ¶12.  This Court may not reverse the judgment of the trial court on the basis of plain error, unless appellant has established that the outcome of trial clearly would have been different but for the alleged error.  *State v. Kobelka*, 9th Dist. Lorain No. 01CA007808, 2001 WL 1379440 (Nov. 7, 2001), *2, citing *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996).

{¶24}  R.C. 2929.18(A)(1) states  that "[i]f the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim * * * provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."  *See also State v. Farnsworth*, 9th Dist. Medina No. 15A0038-M, 2016-Ohio-7919, ¶ 15.  The victims in this case testified that their economic loss was $75,000.  The amount of restitution was not disputed below and the trial court ordered that Redmyer pay $75,000 in restitution.  "[W]here co-defendants act in concert in committing the same offense that causes economic harm to the victim, holding one of the defendant's responsible for the full amount of restitution is permissible and consistent with established principles of tort liability, because one who commits

a tort cannot escape liability by showing that another person is also liable." *State v. Dawson*, 2d Dist. Montgomery No. 21768, 2007-Ohio-5172, ¶ 13. Though Redmyer captions his argument in terms of plain error, he does not cite to Crim.R. 52(B) in his merit brief, nor does he argue how the result before the trial court would have been different, other than to assert that the amount of the restitution order should have offset. As this Court has repeatedly stated, "'an appellant's assignment of error provides this Court with a roadmap to guide our review.'" *Akron v. Johnson*, 9th Dist. Summit No. 26047, 2012-Ohio-1387, ¶ 3 quoting *Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 12, citing App.R. 16(A). We decline to construct a plain error argument on behalf of Redmyer.

{¶25} The final assignment of error is overruled.

## POST-RELEASE CONTROL

{¶26} The State conceded at oral argument that the trial court erred in imposing post-release control in this matter. At the sentencing hearing, the trial court notified Redmyer that he would be subject to a post-release control term of "up to" three years. In its January 13, 2015 sentencing entry, the trial court indicated that the post-release control term was "optional." R.C. 2901.01(A)(9)(a) specifies that a burglary conviction pursuant to R.C. 2911.12(A)(3) is an "[o]ffense of violence." Pursuant to R.C. 2967.28(B)(3), a mandatory three-year term of post-release control is required for a felony of the third degree that constitutes an offense of violence. Thus, as Redmyer is subject to a mandatory three-year term of post-release control, the trial court should exercise its authority to address post-release control on remand.

### III.

{¶27} Redmyer's first and third assignments of error are overruled. The second assignment of error is sustained. The trial court must also address post-release control on

remand. The judgment of the Medina County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SEAN C. BUCHANAN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.