[Cite as *State v. Brooks*, 2017-Ohio-5620.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    16CA010958 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| VICTOR C. BROOKS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    13CR088209 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2017

CARR, Presiding Judge.

{¶1}    Defendant-Appellant Victor C. Brooks appeals, pro se, from the judgment of the Lorain County Court of Common Pleas.  This Court affirms in part, and reverses in part.

I.

{¶2}    In November 2013, Brooks was indicted on four counts of possession of drugs, three involving cocaine and one involving marijuana, and two counts of trafficking in cocaine. A supplemental indictment was filed adding an additional charge of trafficking in cocaine.  The matter proceeded to a jury trial.  During the first day of trial, the State amended the indictment to alter the dates involved in counts 1, 3, 4, and 6.  Ultimately, the State dismissed count 3 of the indictment and replaced it with count seven.  Following deliberations, the jury found Brooks guilty of counts 1, 2, 4, 5, and 6 and not guilty of renumbered count 3 (original count 7).  The trial court sentenced Brooks to an aggregate term of 49 months in prison, ordered him to pay a $5,000 fine, and suspended his driver's license for 5 years.

**{¶3}** Brooks filed a motion for a delayed appeal, which this Court granted. Following briefing, this Court granted Brooks' motion to supplement the record with the sentencing hearing transcript and allowed for additional briefing. To the extent Brooks has attached materials to his brief that were not part of the trial court record, they are stricken. *See* Loc.R. 7(B)(10).

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT IMPOSED SENTENCES FOR OFFENSES THAT AROSE FROM THE SAME CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED FOR SENTENCING PURPOSES UNDER R.C. [] 2941.25.

**{¶4}** Brooks argues in his first assignment of error that the trial court erred in failing to merge counts 1, 4, 5, and 6 as they are allied offenses of similar import.

**{¶5}** Brooks did not object during the sentencing hearing to the trial court's failure to inquire into the issue of whether the offenses were allied or its failure to merge those offenses. Nonetheless, Brooks has argued plain error on appeal. "The failure to timely assert an allied offenses objection limits appellate review of that issue to plain error." *State v. Allen,* 9th Dist. Summit No. 28213, 2017-Ohio-2831, ¶ 33. To demonstrate plain error, "an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3; *see also State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph three of the syllabus (outlining when a defendant whose conduct supports multiple offenses may be convicted of all of the offenses).

{¶6} Here, while the record does contain the sentencing hearing transcript, it does not contain the trial transcript. The sentencing transcript does not contain a detailed discussion of the facts of the case. As much of the factual record of this case was developed at the jury trial, absent reviewing that transcript, we cannot properly evaluate whether the trial court erred in failing to merge the offenses. "[T]he burden of ensuring that the record on appeal is complete is placed on appellant." *State v. Keene*, 9th Dist. Lorain No. 06CA008880, 2006-Ohio-6676, ¶ 22. "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. Accordingly, based upon the record before us, we overrule Brooks' first assignment of error.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT FAILURE TO COMPLY WITH THE MANDATORY PROVISION OF AM. SUB.H.S. 86., GEN. ASSEM. (OHIO 2001) IN CONJUNCTION WITH R.C. [] 2929.14(C) WHEN IMPOSING CONSECUTIVE SENTENCES, RENDERED THE SENTENCE CONTRARY TO LAW. (Sic.)

{¶7} Brooks argues in his second assignment of error that the trial court failed to make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing. Additionally, Brooks asserts that the trial court's reasoning is not supported by the record in that the trial court stated that it relied on a presentence investigation report when no report was ever completed.

{¶8} "The Supreme Court of Ohio in *State v. Bonnell* held that, '[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.'" *State v. Redmyer,* 9th

Dist. Medina No. 15CA0012-M, 2017-Ohio-572, ¶ 17, quoting *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at syllabus.

{¶9} R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Here, at the sentencing hearing the trial court found that "consecutive sentences are necessary to protect the public from future crimes or to punish you, and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant poses to the public." Thus, the trial court made two of the three required findings. *See* R.C. 2929.14(C)(4). However, the trial court did not make the additional finding required by R.C. 2929.14(C)(4). The findings in the sentencing entry mirror the findings made at the hearing. "When a trial court imposes consecutive sentences without making the R.C. 2929.14(C)(4) findings at the sentencing hearing, the remedy is to remand the matter for resentencing." *State v. Williams*, 9th Dist. Medina No. 14CA0072-M, 2015-Ohio-2197, ¶ 9. Accordingly, Brooks' second assignment of error is sustained and the matter is remanded for

resentencing. To the extent that Brooks has argued that the trial court improperly relied on a presentence investigation report that was never actually completed in imposing consecutive sentences, the trial court can address this issue at the resentencing hearing.[1]

{¶11} Brooks' second assignment of error is sustained.

### ASSIGNMENT OF ERROR III

DEFENDANT-APPELLANT WAS DEPRIVED OF A FAIR TRIAL DUE TO JUDICIAL AND PROSECUTORIAL MISCONDUCT IN VIOLATION OF HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶12} Brooks argues in his third assignment of error that he was deprived of a fair trial due to judicial and prosecutorial misconduct. Brooks' argument appears to be that prosecutorial misconduct occurred with respect to the prosecution of count 7 (renumbered count 3) of the indictment, which he alleges led to what he labels a "sham legal process[.]" He also appears to assert that the trial court punished him at sentencing for taking the case to trial and for being found not guilty of count 7 (renumbered count 3). Further, he maintains that the trial court imposed a 5 year license suspension that was contrary to law.

{¶13} This Court has held that "[a] judgment may only be reversed for prosecutorial misconduct when the improper conduct deprives the defendant of a fair trial. The defendant must show that, but for the prosecutor's misconduct, the trier of fact would not have convicted him." (Internal quotations and citations omitted.) *State v. Moreland*, 9th Dist. Summit No.27910, 2016-Ohio-7588, ¶ 22. Here, Brooks was found not guilty of count 7 (renumbered count 3). Accordingly, even assuming there was prosecutorial misconduct with respect to the

---

[1] We note that Brooks moved to supplement the record with the presentence investigation report, and we granted the motion. However, the Lorain County Adult Probation Department responded that it did not complete a presentence investigation.

State's prosecution of count 7, we fail to see how Brooks was prejudiced by it in light of the acquittal on that count. Thus, Brooks cannot demonstrate he is entitled to a new trial. *See id.*

{¶14} Additionally, Brooks argues that the trial judge punished him more severely because he took the matter to trial and because he was found not guilty of count 7 (renumbered count 3).

{¶15} "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort * * *. There is no question, then, that a sentence vindictively imposed on a defendant for exercising his constitutional right to a jury trial is contrary to law." (Internal quotations and citations omitted.) *State v. Rahab*, Slip Opinion No. 2017-Ohio-1401, ¶ 8. To determine if a trial court acted vindictively in sentencing a defendant, "[w]e [] review the entire record-the trial court's statements, the evidence adduced at trial, and the information presented during the sentencing hearing-to determine whether there is evidence of actual vindictiveness. We will reverse the sentence only if we clearly and convincingly find the sentence is contrary to law because it was imposed as a result of actual vindictiveness on the part of the trial court." *Id.* at ¶ 19; *see also id.* at ¶ 34 (Hoover, J., concurring in part and dissenting in part) (concurring with the foregoing quoted language).

{¶16} In the instant matter, the trial transcripts and any plea discussions that may have taken place are not in this Court's record on appeal. While the sentencing transcript is in the record, nothing in it leads this Court to conclude that the trial court acted vindictively in sentencing Brooks. Accordingly, in the absence of a complete record, we are required to presume regularity and affirm the trial court's judgment." *See Farnsworth*, 2016-Ohio-7919, at ¶ 16.

{¶17} With respect to Brooks' contention that his 5 year license suspension was contrary to law, we see no merit to his argument. The trial court imposed a 5 year license suspension on count 1 for Brooks' violation of R.C. 2925.11(A), a third degree felony. Former R.C. 2925.11(E)(2) provides that:

> In addition to any prison term or jail term authorized or required by division (C) of this section and sections 2929.13, 2929.14, 2929.22, 2929.24, and 2929.25 of the Revised Code and in addition to any other sanction that is imposed for the offense under this section, sections 2929.11 to 2929.18, or sections 2929.21 to 2929.28 of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section shall * * * suspend for not less than six months or more than five years the offender's driver's or commercial driver's license or permit.

{¶18} Thus, the 5 year license suspension the trial court imposed on count 1 was not contrary to law. The sections cited by Brooks in his brief are not applicable to his case. *See, e.g.,* R.C. 4510.17 (authorizing the registrar of motor vehicles to impose a class D suspension upon an Ohio resident based upon certain out of state violations).

{¶19} Given the foregoing, Brooks' third assignment of error is overruled.

III.

{¶20} Brooks' second assignment of error is sustained. His first and third assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

VICTOR C. BROOKS, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.