[Cite as *State v. Burgan*, 2019-Ohio-2986.]

STATE OF OHIO )  IN THE COURT OF APPEALS
                    )ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29165 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TROY L. BURGAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2017-05-1814 |

DECISION AND JOURNAL ENTRY

Dated: July 24, 2019

HENSAL, Judge.

{¶1}    Troy Burgan appeals a judgment of the Summit County Court of Common Pleas that denied his motion to dismiss complaint. For the following reasons, this Court affirms.

I.

{¶2}    According to Mr. Burgan's wife and her boyfriend, they were sleeping at Wife's home during the early morning hours of April 30, 2017, when Mr. Burgan came to the front door. After talking to Wife, Mr. Burgan allegedly forced his way into the house and went upstairs to where the boyfriend was sleeping. Mr. Burgan allegedly attacked the boyfriend but was fended off. He went downstairs to grab a knife from the kitchen and returned to the bedroom where he allegedly stabbed the boyfriend in the back of one of his shoulders. The knife broke, so Mr. Burgan retrieved another knife from the kitchen. The boyfriend had moved to the other bedroom in an attempt to hide, but Mr. Burgan allegedly pushed his way into the room and

cut the boyfriend in the other shoulder. By then, Wife's sister had called the police, so Mr. Burgan left.

{¶3} The Grand Jury indicted Mr. Burgan on one count of aggravated burglary and two counts of felonious assault. One of the felonious-assault counts alleged that Mr. Burgan caused serious physical harm to the boyfriend. The other alleged that he caused or attempted to cause harm to the boyfriend by use of a deadly weapon. At trial, the jury acquitted Mr. Burgan of the aggravated burglary count and the felonious assault count involving a deadly weapon. It could not reach a verdict as to the other felonious assault count. When the State attempted to re-try Mr. Burgan on that count, he moved to dismiss the complaint, arguing that it would violate the guarantee against double jeopardy because the remaining count was barred under the doctrine of collateral estoppel. Following a hearing, the trial court denied Mr. Burgan's motion. Mr. Burgan has appealed, assigning as error that the trial court incorrectly denied his motion to dismiss.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS AS HE WAS ACQUITTED OF FELONIOUS ASSAULT UNDER ORC §2903.11(A)(1) AND THEREFORE, PER THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS, HE CANNOT BE TRIED A SECOND TIME FOR FELONIOUS ASSAULT UNDER ORC §2903.11(A)(2).

{¶4} Mr. Burgan argues that both felonious assault charges arose out of the same conduct. He also argues that a jury has already determined that he did not use a knife to injure Wife's boyfriend. Mr. Burgan argues that, because the State's only theory of how he caused serious physical harm to the boyfriend was by use of a knife, it would not be possible for the State to retry him without involving a knife, which it is estopped from doing.

{¶5} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, provides: "nor shall any person be subject for the same offence or be twice put in jeopardy of life or limb[.]" *Benton v. Maryland*, 395 U.S. 784, 787 (1969). "Section 10, Article I of the Ohio Constitution contains a similar prohibition, which is coextensive with the federal constitutional protection." *State v. Turner*, 9th Dist. Summit No. 27532, 2015-Ohio-996, ¶ 7. "The [Double Jeopardy Clause] provides protection from a second prosecution for the same offense after an acquittal, protection against a second prosecution after a conviction and protection against multiple punishments for the same offense." (Alteration sic.) *Id.*, quoting *State v. Resor*, 6th Dist. Huron No. H-08-028, 2010-Ohio-397, ¶ 11.

{¶6} Although the Double Jeopardy Clause does not ordinarily bar a retrial following a hung jury, it does incorporate the doctrine of collateral estoppel. *Richardson v. United States*, 468 U.S. 317, 324 (1984); *State v. Lovejoy*, 79 Ohio St.3d 440, 443-444 (1997). "[If] an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Collateral estoppel in the criminal context bars "the state * * * from relitigating an issue decided in the defendant's favor by a valid and final judgment." (Alteration sic.) *State v. Haggard*, 9th Dist. Lorain No. 98CA007154, 1999 WL 812937, *2 (Oct. 6, 1999), quoting *State v. Zanders*, 121 Ohio App.3d 131, 134 (9th Dist.1997); *see Lovejoy* at 443-444. "Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." *Brown v. Ohio*, 432 U.S. 161, 166-167 (1977). fn. 6. Nevertheless, "a mere overlap in proof between two prosecutions does not

establish a double jeopardy violation." *In re Burton*, 160 Ohio App.3d 750, 2005-Ohio-2210, ¶ 10 (1st Dist.), quoting *United States v. Felix*, 503 U.S. 378, 386 (1992).

{¶7} The United States Supreme Court has held that, if a defendant has been acquitted in a prior proceeding, courts must "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Yeager v. United States*, 557 U.S. 110, 120 (2009), quoting *Ashe* at 444. "The defendant bears the burden of showing 'that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding.'" *Turner* at ¶ 9, quoting *In re Burton* at ¶ 12.

{¶8} The jury acquitted Mr. Burgan of knowingly causing or attempting to cause "physical harm to another * * * by means of a deadly weapon * * *." R.C. 2903.11(A)(2). For purposes of Revised Code Section 2903.11, a "[d]eadly weapon" means "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2903.11(E)(1); R.C. 2923.11(A).

{¶9} Mr. Burgan's argument presumes that the jury could not have found that he stabbed the boyfriend with a knife without also finding that the knife constituted a deadly weapon. We note that the State introduced two knives at Mr. Burgan's trial and argued that both were deadly weapons. Mr. Burgan, however, argued that the location where the blade and handle were found in the bedroom was inconsistent with the Wife's description of how the fight occurred. He also argued that the witnesses were inconsistent in their description of the knife. The boyfriend described the first knife as a "basic kitchen knife." He did not describe the second knife. Wife testified that she only owned one big knife, a really long butcher knife, and that it

was the knife Mr. Burgan grabbed the first time he went downstairs. Wife's sister testified that, as she peaked out from the bathroom door, she briefly saw Mr. Burgan with a knife, which she described as a steak knife. Mr. Burgan also argued that none of the witnesses testified that the knives introduced during the trial were the ones Mr. Burgan used during his alleged attack.

{¶10} Upon review of the record, we conclude that the jury could have grounded its decision to acquit Mr. Burgan of violating Section 2903.11(A)(2) on an issue other than whether Mr. Burgan used a knife during his assault. We, therefore, conclude that the trial court did not err when it denied his motion to dismiss complaint. Mr. Burgan's assignment of error is overruled.

III.

{¶11} Mr. Burgan's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CONCURS.

CALLAHAN, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.