[Cite as *State v. Leyh*, 2019-Ohio-3640.]

STATE OF OHIO            )              IN THE COURT OF APPEALS
                         )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

STATE OF OHIO                           C.A. No.      29298

     Appellee

     v.                                 APPEAL FROM JUDGMENT
                                        ENTERED IN THE
CLARENCE LEYH                           COURT OF COMMON PLEAS
                                        COUNTY OF SUMMIT, OHIO
     Appellant                          CASE No.     CR-2018-03-1036

DECISION AND JOURNAL ENTRY

Dated: September 11, 2019

SCHAFER, Judge.

{¶1}   Clarence Leyh appeals the sentence imposed by the Summit County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

{¶2}   Mr. Leyh pleaded guilty to an indictment charging him with two counts of gross sexual imposition in violation of R.C. 2907.05(A)(5)(C)(1), felonies of the fourth degree; two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1)(C)(1), felonies of the fourth degree; one count of sexual imposition in violation of R.C. 2907.06(A)(1)(C), a misdemeanor of the third degree; and one count of sexual imposition in violation of R.C. 2907.06(A)(3)(C), a misdemeanor of the third degree.  The trial court ordered that a presentence investigation report with a victim impact statement be prepared, and further ordered a psycho-sexual evaluation with report to be prepared, and set the matter over for a sentencing hearing.

{¶3} Following the sentencing hearing, the trial court sentenced Mr. Leyh to one year for each of the two counts of gross sexual imposition in violation of R.C. 2907.05(A)(5), one year for each of the two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), and sixty days of jail time for each of the two counts of sexual imposition. In the sentencing entry, the trial court stated that it "performed an analysis concerning allied offenses in regard to *State v*[.] *Johnson* and [found] that the charges to the [i]ndictment are not allied offenses of similar import, and do not merge for purposes of sentencing herein." The trial court further noted that "[n]either the [S]tate nor defense counsel objected to the [c]ourt's determination." The trial court ordered that the one-year sentences imposed in the first four counts be served consecutively to each other, while the sixty-day sentences imposed in the fifth and sixth counts be served concurrently to each other and concurrently to the first four counts, resulting in a total of four years imprisonment. The trial court also adjudicated Mr. Leyh a Tier I sex offender and imposed sexual offender registration requirements.

{¶4} Mr. Leyh appealed his sentence raising one assignment of error for our review.

II.

**Assignment of Error**

**The four counts of gross sexual imposition are allied offenses of similar import and should have merged for sentencing purposes.**

{¶5} In his argument on appeal, Mr. Leyh contends that the trial court erred by failing to conduct an inquiry of the facts to determine his animus as to each of the four counts of gross sexual imposition. Mr. Leyh argues that, if the trial court had undertaken such an analysis, it would have found that the charges were simply different theories presented by the State. Mr. Leyh invites this Court to conduct an inquiry and determine that the four counts of gross sexual imposition "should be viewed as allied offenses of similar import and sentenced accordingly."

{¶6} Generally, this Court conducts a de novo review of a trial court's decision regarding merger of allied offenses. *State v. Harris*, 9th Dist. Medina No. 16C0054-M, 2017-Ohio-8263 ¶ 25. However, we are unable to reach the merits of his argument because Mr. Leyh did not provide a complete record for our review. "[T]he burden of ensuring that the record on appeal is complete is placed on appellant." *State v. Keene*, 9th Dist. Lorain No. 06CA008880, 2006–Ohio–6676, ¶ 22. Mr. Leyh failed to ensure that the transcript of the sentencing hearing be prepared and made part of the record. Additionally, Mr. Leyh attached a purported copy of the presentence investigation report to his brief. Upon motion of the State, this Court issued a magistrate's order striking the appended document. Consequently, the presentence investigation report is also not in the record.

{¶7} "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *State v. Brooks*, 9th Dist. Lorain No. 16CA010958, 2017-Ohio-5620, ¶ 6, quoting *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038–M, 2016-Ohio-7919, ¶ 16. In light of the record before us, we must overrule Mr. Leyh's assignment of error.

### III.

{¶8} Mr. Leyh's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

4

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

THOMAS J. MCGUIRE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.