[Cite as *State v. Genet*, 2020-Ohio-2662.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 19AP0030 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSEPH GENET | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2018 CR-B 001540 |

DECISION AND JOURNAL ENTRY

Dated: April 27, 2020

CARR, Judge.

{¶1} Defendant-Appellant Joseph Genet appeals from the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2} On July 2, 2018, a search warrant was executed on Genet's home. Genet and a small child were located in Genet's bedroom. Within the bedroom, drug paraphernalia and a substance that was ultimately determined to be methamphetamine were discovered. The child tested positive for methamphetamine exposure.

{¶3} On September 7, 2018, a complaint was filed charging Genet with endangering children in violation of R.C. 2919.22(A). On February 4, 2019, Genet filed a motion to dismiss based upon double jeopardy. Genet asserted that he had already entered a plea in the court of common pleas to possession of drugs (methamphetamine), a felony of the fifth degree, which arose from the same facts as the prosecution for endangering children. While Genet acknowledged that

"the primary case for determining the existence of successive prosecutions is" *Blockburger v. United States*, 284 U.S. 299 (1932), Genet sought for the trial court to apply the framework set forth in *State v. Lloyd*, 8th Dist. Cuyahoga Nos. 86501, 86502, 2006-Ohio-1356, which relates to collateral estoppel.

{¶4} The trial court issued an order on February 28, 2018 with respect to Genet's motion to dismiss. The trial court stated that "[t]he parties offered argument regarding their respective positions on the Defendant's Motion to Dismiss in addition to providing case law citations for the Court to review." A transcript of that proceeding is not in this Court's record.

{¶5} On April 15, 2019, prior to accepting Genet's no contest plea to one count of endangering children, the trial court issued a ruling on the record denying Genet's motion to dismiss. The trial court relied upon the test set forth in *Blockburger* in denying the motion. The trial court sentenced Genet to 165 days in jail, fined him $750.00, and ordered him to pay court costs.

{¶6} Genet has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DENYING GENET'S MOTION TO DISMISS
PER DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES AND OHIO
CONSTITUTION.

{¶7} Genet argues in his sole assignment of error that the trial court erred in denying his motion to dismiss. In so doing, Genet focuses largely on collateral estoppel and the analysis set forth in *Lloyd*, 2006-Ohio-1356, as the basis of his argument. In *Lloyd*, the Eighth District concluded:

Here, four counts of the second indictment contain charges of drug trafficking and
drug possession of both marijuana and psilocyn. The first two counts of the first

indictment also charged appellants with drug possession and drug trafficking, concerning marijuana and cocaine. While there were differences in amounts and substances between the two indictments, the state possessed all the evidence and information it would use in its second indictment prior to the time that the appellees entered their pleas to the first indictment. Viewing the totality of the circumstances, collateral estoppel principles should apply. The state should not be allowed multiple tries at convicting these appellees when it had the means and opportunity to address all issues with a single prosecution. To avoid having appellees "run the gauntlet" a second time unnecessarily, the trial court's dismissal of the second indictment should be sustained.

*Id.* at ¶ 28.

{¶8} "We apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy." *State v. Emich*, 9th Dist. Medina No. 17CA0039-M, 2018-Ohio-627, ¶ 9, quoting *State v. Toth*, 9th Dist. Medina No. 16CA0086-M, 2017-Ohio-5481, ¶ 6, quoting *State v. Hartman*, 9th Dist. Medina No. 15CA0090-M, 2017-Ohio-1089, ¶ 9. "The Fifth Amendment to the United States Constitution provides that '[n]o person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb * * *.' The Fifth Amendment has been made applicable to the states through the Fourteenth Amendment. Article I, Section 10, of the Ohio Constitution also contains a Double Jeopardy Clause which states, '[n]o person shall be twice put in jeopardy for the same offense.'" (Internal citation omitted.) *Toth* at ¶ 7.

{¶9} "The protections afforded by the Ohio and United States Constitutions' Double Jeopardy Clauses are coextensive * * * [and] protect against three abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." (Internal quotations and citations omitted.) *State v. Devenny*, 9th Dist. Summit No. 29450, 2020-Ohio-775, ¶ 8, quoting *State v. Mutter,* 150 Ohio St.3d 429, 2017-Ohio-2928, ¶ 15.

{¶10} The Ohio Supreme Court has "relied on the *Blockburger* test to determine whether two prosecutions involve the same offense." *Mutter* at ¶ 17. "The *Blockburger* test applies where the same act or transaction constitutes a violation of two distinct statutory provisions and requires the reviewing court to evaluate the elements of each statutory provision to determine whether each provision requires proof of a fact which the other does not. This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case." (Internal quotations and citations omitted.) *Id.*

{¶11} The Double Jeopardy Clause also "incorporate[s] the doctrine of collateral estoppel." *State v. Burgan*, 9th Dist. Summit No. 29165, 2019-Ohio-2986, ¶ 6. "Collateral estoppel in the criminal context bars the state * * * from relitigating an issue decided in the defendant's favor by a valid and final judgment." (Internal quotations and citations omitted.) *Id.* Thus, "[c]ollateral estoppel may be used to bar a later prosecution for a separate offense only where the government loses in the first proceeding." (Internal quotations omitted.) *State v. Haggard*, 9th Dist. Lorain No. 98CA007154, 1999 WL 812937, *2 (Oct. 6, 1999), quoting *State v. Phillips*, 74 Ohio St.3d 72, 80 (1995).

{¶12} Here, we note that, in his motion to dismiss, Genet did not detail the procedural history of the common pleas case, nor did he even set forth the statute that he asserts he was previously convicted of violating. Genet attached no documents to his motion evidencing a prior conviction or the circumstances of that conviction. Thus, from the record properly before this Court on appeal, we cannot even definitively conclude that Genet was convicted of another offense based upon the same facts. In addition, Genet has not provided this Court with a transcript of the proceeding at which "[t]he parties offered argument regarding their respective positions on the Defendant's Motion to Dismiss in addition to providing case law citations for the Court to review."

It was Genet's burden as the Appellant to ensure that the record on appeal is complete. *State v. Leyh*, 9th Dist. Summit No. 29298, 2019-Ohio-3640, ¶ 6. Absent a review of the transcript from that proceeding, we cannot know what other information about the prior case was provided to the trial court or even if Genet adequately established the existence of the prior offense. In such circumstances as these, where an appellant has failed to supply the Court with a complete record, this Court must presume regularity in the proceedings and affirm the trial court's judgment. *See id.*

{¶13} Moreover, even if we were to review the merits of the matter, Genet has not developed an argument demonstrating that the trial court erred in its application of *Blockburger*. *See* App.R. 16(A)(7). And, even if this Court were to adopt the reasoning and analysis set forth in *Lloyd*, 2006-Ohio-1356, at ¶ 28, which appears to contradict other case law, Genet did not set forth sufficient facts concerning the prior case in the record available to this Court on appeal for it to be able to even evaluate whether there was any error in the trial court's ruling.[1]

{¶14} Genet's sole assignment of error is overruled.

### III.

{¶15} The judgment of the Wayne County Municipal Court is affirmed. Genet's assignment of error is overruled.

Judgment affirmed.

---

[1] Genet did attach an order from the prior case to his brief on appeal. Because that document was not a part of the record below, it cannot be considered on appeal and is stricken from the record. *See State v. Brooks*, 9th Dist. Lorain No. 16CA010958, 2017-Ohio-5620, ¶ 3, citing Loc.R. 7(B)(10).

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.