[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Mutter,* Slip Opinion No. 2017-Ohio-2928.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-2928

THE STATE OF OHIO, APPELLEE, v. MUTTER, APPELLANT.  (TWO CASES.)

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Mutter,* Slip Opinion No. 2017-Ohio-2928.]**

*Criminal law—Double Jeopardy—Fifth Amendment to the United States Constitution—Article I, Section 10 of the Ohio Constitution—Indictment for ethnic intimidation violated double-jeopardy clauses where defendants had previously been convicted of aggravated menacing and charges arose from the same incident.*

(Nos. 2016-0440 and 2016-0441—Submitted February 28, 2016—Decided May 24, 2017.)

APPEALS from the Court of Appeals for Scioto County,

Nos. 15CA3690 and 15CA3691, 2016-Ohio-512.

_____

**KENNEDY, J.**

## I. Introduction

{¶ 1} In these discretionary appeals, which we consolidated for oral argument and now consolidate for decision, we consider whether the Fourth District Court of Appeals erred in reversing the trial court's decision to grant the motions of appellants, Melvin Mutter and Buddy Mutter ("the Mutters"), to dismiss an indictment that charged them with ethnic intimidation. The Mutters filed their motions to dismiss because they had already been convicted in Portsmouth Municipal Court for aggravated menacing, which is the predicate offense for the charges of ethnic intimidation that were brought against them in the dismissed indictment.

{¶ 2} The double-jeopardy protections of the United States Constitution's Fifth Amendment, which are applicable to the states under the Fourteenth Amendment, and Article I, Section 10 of the Ohio Constitution prohibit multiple prosecutions for the same offense. Relying on the analyses in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), we conclude that in this case, aggravated menacing is a lesser included offense of ethnic intimidation, as charged in the indictment. Therefore, we hold that for double-jeopardy purposes, the Mutters' aggravated-menacing convictions are the same offenses as those charged in the dismissed indictment. Consequently, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

## II. Facts and Procedural History

{¶ 3} The Mutters were originally charged with offenses in the Portsmouth Municipal Court regarding an incident that occurred on October 17, 2014. On October 20, 2014, Melvin Mutter was charged with ethnic intimidation, a felony of the fifth degree, in Portsmouth Municipal Court case No. CRA 1401576, and he was also charged with the offense of aggravated menacing in Portsmouth Municipal

Court case No. CRB 1401577. The records of the Portsmouth Municipal Court show that the case in which Melvin Mutter had been charged with felony ethnic intimidation was dismissed without prejudice. A new charge of menacing by stalking, case No. CRB 1401599, was filed. On October 29, 2014, Melvin Mutter pleaded no contest to both the aggravated-menacing charge in case No. CRB 1401577 and the menacing-by-stalking charge in case No. CRB 1401599. The common pleas court made a finding of fact that it was the intent of the state of Ohio and Melvin Mutter that Mutter plead to a charge of menacing by stalking as a reduction of the charge of ethnic intimidation that had been brought in the dismissed case, No. CRA 1401576.

**{¶ 4}** On October 20, 2014, Buddy Mutter was also charged with felony ethnic intimidation in the Portsmouth Municipal Court, in case No. CRB 1401578, and with aggravated menacing, in case No. CRB 1401579. The records of the Portsmouth Municipal Court reflect that the ethnic-intimidation charge in case No. CRB 1401578 was reduced to a charge of menacing by stalking and that on October 23, 2014, Buddy Mutter pleaded no contest to that charge and to the charge of aggravated menacing in case No. CRB 1401579.

**{¶ 5}** After their no-contest pleas, Melvin Mutter was sentenced to 180 days in jail, with 150 days suspended, placed on probation, and fined and Buddy Mutter was sentenced to 180 days in jail, with the entire sentence suspended, and placed on probation.

**{¶ 6}** On November 4, 2014, a Scioto County grand jury indicted the Mutters for ethnic intimidation, a felony of the fifth degree. In the indictment, the state alleged that the Mutters violated R.C. 2903.21, the aggravated-menacing statute, "by reason of race, color, religion, or natural origin of another person." The trial court determined that the charges against the Mutters in the indictment arose from the same incident that had occurred on October 17, 2014, in Scioto County

and that had given rise to the misdemeanor charges of aggravated menacing to which the Mutters had already pleaded guilty.

**{¶ 7}** The Mutters filed motions to dismiss the indictment, alleging violations of the Ohio and United States Constitutions' Double Jeopardy Clauses. On February 6, 2015, the trial court held a joint hearing on the motions. On February 20, 2015, the trial court issued a judgment entry dismissing the indictment against the Mutters.

**{¶ 8}** The state appealed the trial court's dismissal of the November 4 indictment. In reversing the trial court's judgment, the Fourth District concluded, "The dispositive issue here is whether the menacing by stalking offenses, which the ethnic intimidation charges were reduced to in the municipal court, constitute lesser included offenses of the ethnic intimidation charges of the indictments." 2016-Ohio-512, ¶ 26. The court of appeals concluded that the trial court's factual determination that the Mutters' convictions for aggravated menacing and indictments for ethnic intimidation arose from the same incident was not supported by any evidence in the record or the municipal court's publicly accessible docket. *Id.* at ¶ 29. However, at oral argument before this court, the state conceded and the Mutters agreed that the misdemeanor convictions and indictment for ethnic intimidation arose from the same incident.

**{¶ 9}** We accepted two propositions of law from the Mutters for review:

> Second prosecutions are barred when they require relitigation of factual issues already resolved by a previous prosecution. Fifth and Fourteenth Amendments, United States Constitution; Section 10, Article I, Ohio Constitution.
>
> * * *
>
> An appellate court may not shift the burdens established by App.R. 9 and App.R. 12(A) in Ohio's Rules of Appellate Procedure.

> Fourteenth Amendment, United States Constitution; Section 16, Article I, Ohio Constitution.

*See* 146 Ohio St.3d 1414, 2016-Ohio-3390, 51 N.E.3d 659.

{¶ 10} The Mutters assert that the United States and Ohio constitutions protect against successive prosecutions for greater and lesser included offenses and that the aggravated-menacing offenses they were convicted of in municipal court are lesser included offenses of the ethnic intimidation charged in the indictment. The Mutters also argue that their negotiated pleas of no contest to charges of aggravated menacing and menacing by stalking are dispositive of this case because they reasonably believed that their pleas in Portsmouth Municipal Court would forbid further prosecutions for any greater offense related to the same factual scenario. Finally, the Mutters argue that the appellate court improperly shifted the burden to them to provide evidence in the appellate record.

{¶ 11} The state counters that the Portsmouth Municipal Court lacked jurisdiction. As a result, the state contends, the judgments entered by the Portsmouth Municipal Court amending Buddy Mutter's felony charge to a misdemeanor are void and jeopardy never attached. Additionally, the state argues, under *Blockburger*, ethnic intimidation and aggravated menacing contain separate and distinct elements and these offenses are separate offenses under a double-jeopardy successive-prosecution analysis.

{¶ 12} Because our double-jeopardy analysis is dispositive, we do not address the Mutters' second proposition of law.

### III. Law and Analysis

#### A. *Standard of Review*

{¶ 13} Appellate courts review de novo the denial of a motion to dismiss an indictment on the grounds of double jeopardy, because it is a pure question of law. *See State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 16,

citing *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346, 604 N.E.2d 808 (2d Dist.1992).

    B.   *Constitutional Protections against Double Jeopardy Prohibit a Second Prosecution for the Same Offense*

{¶ 14} "Where successive prosecutions are at stake, the double jeopardy guarantee serves 'a constitutional policy of finality for the defendant's benefit.' " *State v. Liberatore*, 4 Ohio St.3d 13, 14, 445 N.E.2d 1116 (1983), quoting *United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). The question in this case is whether the state would violate that guarantee if it prosecuted the Mutters on ethnic-intimidation charges under R.C. 2927.12 after their convictions for the predicate misdemeanor offense of aggravated menacing.

{¶ 15} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Through the Fourteenth Amendment to the United States Constitution, this protection applies to individuals prosecuted by the state of Ohio. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 10, citing *Benton v. Maryland*, 395 U.S. 784, 786, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense." Ohio Constitution, Article I, Section 10. The protections afforded by the Ohio and United States Constitutions' Double Jeopardy Clauses are coextensive. *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7, citing *State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996). The Double Jeopardy Clauses protect against three abuses: (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct.

6

2201, 104 L.Ed.2d 865 (1989). Here, we are concerned with the protection against a second prosecution after a conviction.

{¶ 16} At the outset, we note that the fact that the Mutters were prosecuted in municipal court by the city of Portsmouth while the indictment that was filed in common pleas court was brought in the name of the state of Ohio does not affect the claim of double jeopardy. *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, ¶ 17, citing *State v. Best*, 42 Ohio St.2d 530, 533, 330 N.E.2d 421 (1975). "[T]he state and the city are parts of a single sovereignty, and double jeopardy stands as a bar to a prosecution by one, after an accused has been in jeopardy for the same offense in a prosecution by the other." *Best* at 533, citing *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).

{¶ 17} This court has relied on the *Blockburger* test to determine whether two prosecutions involve the same offense. "In determining whether an accused is being successively prosecuted for the 'same offense,' the court in *Best* adopted the so-called 'same elements' test articulated in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 * * *." *Zima* at ¶ 18; *see also State v. Delfino*, 22 Ohio St.3d 270, 273, 490 N.E.2d 884 (1986). The *Blockburger* test applies "where the same act or transaction constitutes a violation of two distinct statutory provisions" and requires the reviewing court to evaluate the elements of each statutory provision to determine "whether each provision requires proof of a fact which the other does not." *Blockburger* at 304. " 'This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case.' " *Zima* at ¶ 20, quoting *State v. Thomas*, 61 Ohio St.2d 254, 259, 400 N.E.2d 897 (1980), *overruled on other grounds*, *State v. Crago*, 53 Ohio St.3d 243, 559 N.E.2d 1353 (1990), syllabus. The United States Supreme Court has summarized the *Blockburger* test as an inquiry that asks "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double

jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556, (1993).

{¶ 18} We recognize that there are exceptions to the *Blockburger* rule. *See, e.g.*, *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *Garrett v. United States*, 471 U.S. 773, 778, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); and *Ohio v. Johnson*, 467 U.S. 493, 501, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). However, the parties did not raise any of these exceptions, and they are inapplicable here.

{¶ 19} As charged in the indictments in this case, the offense of ethnic intimidation as defined by R.C. 2927.12 contained two elements: first, that the Mutters committed the predicate offense of aggravated menacing in violation of R.C. 2903.21 and second, that they committed that offense by reason of the race, color, religion, or national origin of another person or group of persons. The offense of ethnic intimidation contains an element that the offense of aggravated menacing does not, i.e., the racial or ethnic motivation, but aggravated menacing does not contain any elements that do not also fall within the elements of ethnic intimidation as charged in this case.

{¶ 20} Ethnic intimidation can be committed by violating, with the requisite racial or ethnic animus, R.C. 2903.21 (aggravated menacing), 2903.22 (menacing), 2909.06 (criminal damaging or endangering), 2909.07 (criminal mischief), or 2917.21(A)(3), (4), or (5) (telecommunications harassment). In this case, the state indicted the Mutters alleging only one predicate offense—aggravated menacing in violation of R.C. 2903.21—in the ethnic-intimidation charge. Aggravated menacing therefore serves as one of the two elements of the ethnic-intimidation charges that were brought against the Mutters. But the aggravated menacing charges that the Mutters were previously convicted of did not contain any additional elements that are not also included in the charges of ethnic intimidation that arose from the same facts. We reach this conclusion because the state conceded at oral

argument that the aggravated-menacing charges and ethnic-intimidation charges arose out of the same incident. Without the benefit of the state's concession, the court of appeals concluded that there was no evidence in the record to support the conclusion that the aggravated-menacing charges and ethnic-intimidation charges arose out of the same incident. 2016-Ohio-512, ¶ 29. Here, aggravated menacing does not require proof of a fact that is not required to prove ethnic intimidation. *See Blockburger* at 304. Therefore, in this case, according to the *Blockburger* test, ethnic intimidation and aggravated menacing are the "same offenses" for double-jeopardy purposes. *Id.*

**{¶ 21}** The United States Supreme Court applied the *Blockburger* test when the state of Ohio attempted to prosecute a defendant for the greater offense of auto theft after the defendant had pleaded guilty to the lesser included offense of joyriding. *See Brown*, 432 U.S. at 168, 97 S.Ct. 2221, 53 L.Ed.2d 187. In *Brown*, the court concluded that "[w]hatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Id.* at 169. This court has also recognized, relying on *Brown*, that a conviction for a lesser included offense bars prosecution for a greater offense. "[D]ouble-jeopardy principles barred the state from pursuing the grand theft charges because the trial court's finding of guilt on the lesser-included offenses operated as an acquittal of the greater offenses." *State v. Edmondson*, 92 Ohio St.3d 393, 395, 750 N.E.2d 587 (2001), citing *Brown* at 161.

**{¶ 22}** The facts in the case at bar closely mirror the facts in *Brown*. Like the defendant in *Brown*, the Mutters were first prosecuted for a misdemeanor offense that was a lesser included offense of the felony for which they were eventually indicted. *See Brown* at 167. The *Brown* court, relying on *Blockburger*, determined that the lesser included offense of "joyriding requires no proof beyond that which is required for conviction of the greater auto theft. The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser

offense included in it." *Id.* at 168. Therefore, a misdemeanor conviction for a lesser included offense bars the state from indicting the same defendant for a felony that by definition included the misdemeanor offense within it as a lesser included offense, arising from the same facts. In the same way, the offense of aggravated menacing is included within the offense of ethnic intimidation, as charged here, so just as joyriding and auto theft were the same offense under Ohio law, aggravated menacing and ethnic intimidation are the same offense under Ohio law. Here, both Mutters were convicted of aggravated menacing, which is a lesser included offense of ethnic intimidation, so based on the principles in *Brown* and *Blockburger*, a further prosecution is barred by the Double Jeopardy Clauses of the United States and Ohio Constitutions.

## IV. Conclusion

{¶ 23} The double-jeopardy protections of the Fifth Amendment, applicable to the states under the Fourteenth Amendment, and Article I, Section 10 of the Ohio Constitution prohibit multiple prosecutions for the same offense. Relying on the analysis in *Blockburger* and *Brown*, we conclude that in this case, aggravated menacing is a lesser included offense of ethnic intimidation as charged in the indictments. Therefore, we find that the Mutters' aggravated-menacing convictions are the same offenses as those charged in the indictments brought against them in the Scioto County Court of Common Pleas. Consequently, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment reversed.

O'DONNELL, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

_____

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay S. Willis, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant State Public Defender, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Michael P. Walton, Assistant Prosecuting Attorney, urging affirmance for amicus curiae, Franklin County Prosecutor Ron O'Brien.

_____