[Cite as *State v. Ammons*, 2019-Ohio-286.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28675 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JONELL AMMONS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2017-02-0594 |

DECISION AND JOURNAL ENTRY

Dated: January 30, 2019

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Jonnell Ammons, appeals the judgment of the Summit County Court of Common Pleas denying his motion to dismiss the indictment on double jeopardy grounds. We affirm.

I.

{¶2} On February 23, 2017, the Summit County Grand Jury indicted Ammons on the following charges: (I) trafficking in heroin in violation of R.C. 2925.03(A)(1), a felony of the fifth degree; and (II) aggravated trafficking in drugs (Carfentanyl) in violation of R.C. 2925.03(A)(1), a felony of the fourth degree.

{¶3} On April 16, 2017, Ammons filed a motion to dismiss the indictment alleging (1) that the State violated his rights to a speedy trial; (2) that the State breached their plea agreement by filing subsequent charges from the same transaction; and (3) that the State had placed him in double jeopardy by successively prosecuting him for the same offense after a conviction. At the

subsequent hearing, Ammons sought to supplement his motion by further arguing that the principles of collateral estoppel embodied in the double jeopardy clause prevented the State from attempting to successively prosecute him when the State had the means and opportunity to address all issues with a single prosecution.

{¶4}    Following a hearing, the trial court overruled Ammons' motion to dismiss "[a]fter a review of the case law and arguments of counsel[.]"

{¶5}    Ammons filed a timely appeal of the trial court's denial of his motion to dismiss. The State thereafter filed a motion to limit the interlocutory appeal to the denial of Ammons' motion to dismiss as it related to the issue of double jeopardy. This Court granted the motion. Ammons presents one assignment of error for our review.

II.

## Assignment of Error

**The trial court committed reversible error when it refused to dismiss this case due to the fact that it violated Mr. Ammons' rights in regards to double jeopardy.**

{¶6}    In his sole assignment of error, Ammons contends that the trial court erred when it denied his motion to dismiss on the basis of double jeopardy. For the reasons outlined below, we reject his argument.

{¶7}    As stated above, we are limited to review of the trial court's denial of Ammon's motion on the basis of double jeopardy. *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, ¶ 61 ("[A]n order denying a motion to dismiss on double-jeopardy grounds is a final, appealable order.") "Appellate courts review de novo the denial of a motion to dismiss an indictment on the grounds of double jeopardy, because it is a pure question of law." *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, ¶ 13. "The Double Jeopardy Clauses of the Fifth Amendment to the

United States Constitution and Article I, Section 10 of the Ohio Constitution protects criminal defendants against multiple prosecutions for the same offense." *State v. Kareski*, 137 Ohio St.3d 92, 2013-Ohio-4008, ¶ 14. "The Double Jeopardy Clauses protect against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *Mutter* at ¶ 15, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

{¶8} In his motion to dismiss, Ammons argued, inter alia, that he was being successively prosecuted for the same offense after a conviction because the events underlying the present matter occurred shortly before the events underlying his previous conviction. Ammons stated in his motion that "[p]er the report of investigation, on Friday, July 15, 2016, detectives used a confidential informant to purchase heroin from Ammons." The motion further stated that after detectives observed the sale, they followed him out of the area and conducted a traffic stop at which time they discovered $315 in Ammons' pockets, several phones, and one gram of powder on the front passenger floor of Ammons' vehicle. The powder was later determined to be a mixture of heroin and fentanyl.

{¶9} According to Ammons' motion, the Summit County Grand Jury indicted Ammons on the following counts as a result of the traffic stop: (1) aggravated trafficking in drugs, a felony of the third degree; (2) aggravated possession of drugs, a felony of the fifth degree, (3) aggravated trafficking in drugs in violation), a felony of the fourth degree; and (4) aggravated possession of drugs, a felony of the fifth degree. On January 30, 2017, pursuant to a plea agreement, Ammons pled guilty to amended count one, aggravated trafficking in drugs, a felony of the fourth degree, and count two, aggravated possession of drugs, a felony of the fifth degree. The remaining counts were dismissed.

{¶10} On February 23, 2017, the Summit County Grand Jury issued the indictment in this case, charging Ammons with trafficking in heroin and aggravated trafficking in drugs (Carfentanyl) relating to Ammons' alleged sale of drugs to the confidential informant prior to the traffic stop.

{¶11} In his motion to dismiss below, Ammons relied on the same elements test articulated by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932), and followed by the Supreme Court of Ohio in *State v. Best*, 42 Ohio St.2d 530 (1975), paragraph three of the syllabus, to argue that he was being charged twice for the same crime in the same statute. Additionally, at the subsequent hearing, Ammons sought to supplement his motion by further arguing that the principles of collateral estoppel embodied in the double jeopardy clause prevented the State from attempting to successively prosecute him when the State had the means and opportunity to address all issues with a single prosecution. In making this argument, Ammons relied on *State v. Lloyd*, 8th Dist. Cuyahoga Nos. 86501, 86502, 2006-Ohio-1356, ¶ 28 ("The [S]tate should not be allowed multiple tries at convicting [a defendant] when it had the means and opportunity to address all issues with a single prosecution.").

{¶12} However, on appeal, Ammons does not reassert either of the arguments he presented below and instead asserts that double jeopardy attached to the July 15, 2016 events when he entered his guilty plea to the charges in the prior case. In so arguing, he relies on *State v. Carpenter*, 68 Ohio St.3d 59 (1993), wherein the Supreme Court held "that the state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of the injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea." *Id.* at 62. The Supreme Court reasoned that

[p]lea agreements are an essential and necessary part of the administration of justice. Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances.

(Internal quotations and citations omitted.) *Id.* at 61.

{¶13} Ammons' reliance on *Carpenter* is problematic for two reasons. First, since the argument he has presented on appeal is a different argument than he presented in the trial court, he has failed to preserve this issue for review. Second, the Supreme Court of Ohio has expressly recognized that "[t]he rule in *Carpenter* was based on contract-law principles, not the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution applicable to the states through the Fourteenth Amendment." *State v. Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, fn. 2. As the present appeal is limited to the denial of Ammons' motion to dismiss as it related to the issue of double jeopardy, his argument relating to his prior plea agreement is not yet ripe for review.

{¶14} Therefore, Ammons' assignment of error is overruled.

III.

{¶15} Ammons' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DENISE FERGUSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD KASAY, Assistant Prosecuting Attorney, for Appellee.