[Cite as *State v. Campbell*, 2019-Ohio-1174.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-18-035

      Appellee                                  Trial Court No. 2016CR0125

v.

Misty Campbell                                        **DECISION AND JUDGMENT**

      Appellant                                 Decided:  March 29, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David E.
Romaker Jr. and David T. Harold, Assistant Prosecuting Attorneys,
for appellee.

Lawrence J. Whitney, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Misty Campbell, appeals from the May 21, 2018 judgment of the

Wood County Court of Common Pleas, which denied appellant's motion to dismiss

Count 2 of the indictment following an acquittal on Count 1.  For the reasons which

follow, we affirm.  On appeal, appellant asserts the following single assignment of error:

THE TRIAL COURT'S FAILURE TO DISMISS COUNT 2 OF

THE INDICTMENT, CARRYING A CONCEALED WEAPON, BEFORE

PRETRIAL, AFTER GRANTING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL IN COUNT 1, IMPROPER HANDLING OF A FIREARM IN A MOTOR VEHICLE, AND DISCHARGING THE HUNG JURY IN THE FIRST TRIAL, VIOLATED APPELLANT'S RIGHTS AS PROTECTED BY THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION AND SECTION 10, ART. 1 OF THE OHIO CONSTITUTION IN THAT SUCH ACTION PUTS APPELLANT IN JEOPARDY OF CONVICTION FOR A CRIME FOR WHICH SHE HAS BEEN ACQUITTED.

{¶ 2} While the transcript from the first trial is not part of the record on appeal, the parties assert the following general facts. The police stopped a car for a speeding violation. Appellant, a back seat passenger, was sitting next to a backpack containing women's clothing and a concealed, operable, and unloaded gun and ammunition.

{¶ 3} On May 19, 2015, appellant was indicted in a multi-count indictment alleging two counts: Count 1, a violation of R.C. 2923.16(B) and (I), improperly handling firearms in a motor vehicle, and Count 2, a violation of R.C. 2923.12(A)(2) and (F)(1), carrying a concealed weapon. The case proceeded to a jury trial.

{¶ 4} After presentation of the state's evidence, appellant moved for a judgment of acquittal. The trial court granted the motion as to Count 1, but denied the motion as to Count 2. The jury was unable to reach a unanimous verdict as to Count 2 and the trial court declared a mistrial and rescheduled the case for retrial as to Count 2.

2.

**{¶ 5}** Prior to the retrial of Count 2, appellant moved to dismiss the charge on the grounds that retrial violated her constitutional right against double jeopardy. She argued the two counts alleged offenses which are allied offense of similar import and, because she had been acquitted of Count 1, she could not be tried on Count 2. In a May 21, 2018 judgment, the trial court denied the motion and appellant appeals from that judgment.

**{¶ 6}** On appeal, appellant argues in her sole assignment of error that the two offenses in the indictment are allied offenses of similar import and, therefore, the double jeopardy clause bars prosecution of the carrying a concealed weapon charge.

**{¶ 7}** The appellate court reviews the denial of a motion to dismiss an indictment on the ground of double jeopardy de novo. *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.2d 1141, ¶ 13. The Double Jeopardy Clauses of both the Fifth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, and Article I, Section 10, of the Ohio Constitution prohibit a person, for the same offense, from being "twice put in jeopardy of life or limb." Fifth Amendment. The federal and Ohio constitutional protections are coextensive. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 14.

**{¶ 8}** The prohibition against placing someone in double jeopardy applies to three abuses: "(1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *Mutter* at ¶ 15, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89

3.

S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 802, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

{¶ 9} R.C. 2941.25 codifies the protection against the third abuse established by the Ohio Constitution.  The statute expresses the intent of the General Assembly to establish "when multiple punishments can be imposed" for multiple convictions of allied offenses of similar import.  *In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, ¶ 11, quoting *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 12.   However, in the case before us, R.C. 2941.25 is not applicable because appellant was acquitted of the first charge and is being prosecuted only on the second charge.  *State v. Ladson*, 8th Dist. Cuyahoga No. 104642, 2017-Ohio-7715, ¶ 24 (the statute applies to "multiple offenses within a single indictment or information, * * * not * * * successive indictments).

{¶ 10} Instead, to determine if a second prosecution following an acquittal violates the Double Jeopardy Clause, a court must determine if a second prosecution involves the same offense by applying the test developed in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).  *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, ¶ 17.  The *Blockburger* test questions whether each offense "requires proof of a fact which the other does not (citation omitted)."  *Blockburger* at 304.  The focus is upon "'whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution.'"  *Mutter*, quoting *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct.

4.

2849, 125 L.Ed.2d 556 (1993).  Furthermore, to bar a second prosecution, "it's not enough that 'a substantial overlap [exists] in the *proof* offered to establish the crimes.'" *Currier v. Virginia*, ___U.S.___, 138 S.Ct. 2144, 2153, 201 L.Ed.2d 650 (2018), quoting *Iannelli v. United States*, 420 U.S. 770, 785, fn. 17, 95 S.Ct. 1284, 43 L. Ed.2d 616 (1975).  This test addresses whether the second prosecution involves the same act *and* crime.  *Currier*.

{¶ 11} There are exceptions to the *Blockburger* rule for subsequent prosecutions for greater and lesser included offenses, *Mutter* at ¶ 18, but none have been asserted in this case.

{¶ 12} The offense of improper handling of a firearm in a motor vehicle, R.C. 2923.16(B), requires the state to prove appellant "knowingly transport[ed] or [had] a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."  The offense of charge of carrying a concealed weapon, R.C. 2923.12(A)(2), requires the state prove appellant "knowingly carr[ied] or [had], concealed on [her] person or concealed ready at hand, * * * [a] handgun other than a dangerous ordnance."

{¶ 13} Upon a comparison of the elements of each offense, we conclude that it is possible to violate R.C. 2923.12 without also violating R.C. 2923.16.  R.C. 2923.12 requires only that there be a concealed handgun while R.C. 2923.16 requires an accessible, loaded firearm be located in a motor vehicle, but does not require that the firearm be concealed.  *Compare State v. Johnson*, 2d Dist. Montgomery No. 25773,

5.

2014-Ohio-2815, ¶ 29 (the court rejected the defense that the defendant could not conform his conduct to one statute without violating the other because R.C. 2923.12 and 2923.16 are not in conflict with one another); *State v. Mellinger*, 4th Dist. Athens No. 1264, 1986 Ohio App. LEXIS 6157, *5-9 (Mar. 20, 1986) (appellant's conduct violated both R.C. 2923.12 and 2923.16 because these "two code sections were passed and amended simultaneously * * * and the manifest legislative intent is that R.C. 2923.12 should apply to all concealed weapons, despite the fact that the same conduct may also violate one or more of the provisions of R.C. 2923.16").

{¶ 14} Therefore, we find these offenses are separate offenses and a second prosecution of the carrying a concealed weapon did not violate the Double Jeopardy Clause. *Accord State v. Baker*, 12th Dist. Warren No. CA96-12-123, 1997 Ohio App. LEXIS 3656, *13 (Aug. 18, 1997) (separate prosecution of the charges of improper handling of firearms in a motor vehicle, using weapons while intoxicated, and carrying a concealed weapon did not violate the Double Jeopardy Clause because each offense required proof of an element that the other offenses did not). Appellant's sole assignment of error is found not well-taken.

{¶ 15} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.   _____
             JUDGE

Arlene Singer, J.

            _____
Thomas J. Osowik, J.       JUDGE
CONCUR.

            _____
             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.