[Cite as *State v. Devenny*, 2020-Ohio-775.]

STATE OF OHIO )        IN THE COURT OF APPEALS
                   )ss:   NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO                             C.A. No.        29450

    Appellee

    v.                                    APPEAL FROM JUDGMENT
                                          ENTERED IN THE
SHAWN W. DEVENNY                          COURT OF COMMON PLEAS
                                          COUNTY OF SUMMIT, OHIO
    Appellant                             CASE No.     CR-2018-11-3735

DECISION AND JOURNAL ENTRY

Dated: March 4, 2020

---

HENSAL, Judge.

{¶1}    Shawn Devenny appeals from the judgment of the Summit County Court of Common Pleas, denying his motion to dismiss. This Court affirms.

I.

{¶2}    The facts underlying this appeal are not in dispute. According to Officer Corzine with the Tallmadge police department, he observed a silver Toyota Avalon speeding at approximately 4:11 p.m. on August 7, 2018. He activated his siren and overhead lights and tried to pursue the vehicle, which was being driven by Mr. Devenny. Mr. Devenny did not stop. Instead, he sped up in an effort to elude Officer Corzine. After a few minutes, Officer Corzine ended the pursuit given Mr. Devenny's high rate of speed and the presence of other traffic. Shortly thereafter, a detective with the Tallmadge police department saw the silver Toyota while driving home from work. He radioed the Stow police department and informed them that the

vehicle was headed into their jurisdiction. The Stow police saw the vehicle and attempted to pursue it, but were also unsuccessful.

{¶3} Later that day, Officer Corzine learned that the vehicle had been stolen. Officer Corzine contacted the owner, who informed him that the Brecksville police had stopped the vehicle and had Mr. Devenny in custody. Officer Corzine contacted the Brecksville police, who confirmed this information.

{¶4} Officer Golem with the Brecksville police department had observed the silver Toyota speeding at approximately 5:14 p.m. At the time, he was unaware that the vehicle was stolen, or that the Tallmadge and Stow police had tried to stop the vehicle earlier that day. When he attempted to stop the vehicle, Mr. Devenny sped up. After about a five-minute high-speed chase, the vehicle crashed into a median in Broadview Heights, and Mr. Devenny attempted to flee on foot. Officers apprehended him and took him into custody.

{¶5} On August 14, 2018, a Cuyahoga County grand jury indicted Mr. Devenny on two counts of failure to comply in violation of Revised Code Section 2921.331(B) (one a third-degree felony, and one a fourth-degree felony), one count of receiving stolen property in violation of Section 2913.51(A), and one count of obstructing official business in violation of Section 2921.31(A). Mr. Devenny pleaded guilty to receiving stolen property and the third-degree-felony count of failure to comply. The court dismissed the remaining two counts. The trial court then found Mr. Devenny guilty, and sentenced him to community control.

{¶6} Three weeks later, a Summit County grand jury indicted Mr. Devenny on two counts of failure to comply, both felonies of the third degree. Mr. Devenny moved to dismiss the indictment on the basis of double jeopardy. The trial court held a hearing on the motion, and

ultimately denied it.  Mr. Devenny now appeals, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS ON DOUBLE JEOPARDY GROUNDS[.]

{¶7}    In his assignment of error, Mr. Devenny argues that the trial court erred by denying his motion to dismiss the indictment based upon a violation of his constitutional rights against double jeopardy.  This Court disagrees.

{¶8}    "Appellate courts review de novo the denial of a motion to dismiss an indictment on the grounds of double jeopardy, because it is a pure question of law."  *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, ¶ 13.  "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'"  *Id.* at ¶ 15, quoting the Fifth Amendment to the U.S. Constitution.  "Through the Fourteenth Amendment to the United States Constitution, this protection applies to individuals prosecuted by the state of Ohio."  *Id.*  Article I, Section 10, of the Ohio Constitution also contains a Double Jeopardy Clause, which states that "[n]o person shall be twice put in jeopardy for the same offense."  "The protections afforded by the Ohio and United States Constitutions' Double Jeopardy Clauses are coextensive * * * [and] protect against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'"  *Mutter* at ¶ 15, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  Here, we are concerned with the protection against a second prosecution for the same offense after conviction.

{¶9} Mr. Devenny argues that he is being prosecuted in Summit County for the same failure-to-comply offense that he pleaded guilty to – and was convicted of – in Cuyahoga County. He asserts that the "same elements" test set forth in the United States Supreme Court's decision in *Blockburger v. United States*, 284 U.S. 299 (1933), applies. "The *Blockburger* test applies 'where the same act or transaction constitutes a violation of two distinct statutory provisions' and requires the reviewing court to evaluate the elements of each statutory provision to determine 'whether each provision requires proof of a fact which the other does not.'" *Mutter* at ¶ 17, quoting *Blockburger* at 304.

{¶10} In response, the State argues that the conduct at issue was not part of the same act or transaction and, therefore, was not the same offense for purposes of double jeopardy. More specifically, the State points to the fact that Mr. Devenny failed to comply with an order or signal of a police officer in Summit County when he fled from Officer Corzine. Then, an hour later, in a separate act or transaction, he failed to comply with an order or signal of a police officer in Cuyahoga County when he fled from Officer Golem, who was unaware of the prior chase in Summit County.

{¶11} This Court's review of the hearing transcript from the motion to dismiss supports the State's position. When Officer Golem with the Brecksville police attempted to stop Mr. Devenny for speeding, he was unaware that the vehicle was stolen, or that it had been involved in another police chase about an hour earlier. He simply attempted to stop Mr. Devenny for speeding, and when Mr. Devenny failed to comply, he initiated a chase. This Court, therefore, agrees with the State's position that the second police chase in Cuyahoga County was not part of the same act or transaction that occurred in Summit County earlier that day. *See State v. Craig*, 5th Dist. Licking No. 17-CA-61, 2018-Ohio-1987, ¶ 24-25 (holding that a second police chase

that occurred in Licking County over an hour after a police chase occurred in Franklin County was not part of the same transaction because the Licking County officer attempted to stop the vehicle based solely on a traffic violation he observed, and was unaware that the vehicle had been involved in a police chase in Franklin County earlier that day); *compare State v. Graham*, 8th Dist. Cuyahoga No. 108053, 2019-Ohio-4353, ¶ 18-21 (addressing facts wherein the Cuyahoga County police initiated but ultimately terminated a chase of a vehicle, alerted the Medina County police of their failed pursuit, and the Medina County police initiated a chase and apprehended the driver based upon that information without observing a separate traffic violation). We, therefore, reject Mr. Devenny's argument in this regard.

{¶12} Mr. Devenny also argues that "Cuyahoga County understood and was aware that this incident began in [S]ummit [C]ounty and assumed jurisdiction over any and all related offenses." He further argues that "it is reasonable that [he] understood that the plea to two counts and dismissal of two others was resolving the entire incident[.]" While the parties entered copies of the indictments from both counties as stipulated exhibits at the hearing on Mr. Devenny's motion to dismiss, Mr. Devenny did not provide the trial court with a transcript of the proceedings or other evidence from the Cuyahoga County case that would support these assertions. *See State v. Armstrong*, 9th Dist. Medina No. 03CA0064-M, 2004-Ohio-726, ¶ 16 (providing that a defendant has the burden of providing the trial court with the transcript of proceedings or other evidence from the defendant's previous case to substantiate a double-jeopardy claim); *see also State v. Billingsley*, 133 Ohio St.3d 277, 2012-Ohio-4307, ¶ 51 (noting that, absent a grant of authority to do so, "a county prosecuting attorney does not have authority to enter into a plea agreement on behalf of the state for crimes committed wholly outside the county in which the prosecuting attorney has been elected."). This Court, therefore, cannot say

that the trial court erred when it rejected those arguments. *Armstrong* at ¶ 16. ("As the trial court was not provided with an adequate record to determine [the defendant's] double jeopardy claim, we are unable to conclude that the court erred when overruling his motion to dismiss."). Based upon the foregoing, Mr. Devenny's assignment of error is overruled.

### III.

**{¶13}** Mr. Devenny's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.