[Cite as *State v. Dixon*, 2024-Ohio-1077.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No.  L-23-1071

    Appellee                                          Trial Court No.  CR0202202068

v.

Tajuan Dixon                                          **DECISION AND JUDGMENT**

    Appellant                                         Decided:  March 22, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Samuel E. Gold, for appellant.

* * * * *

**MAYLE, J.**

**{¶ 1}** Appellant, Tajuan Dixon, appeals the March 1, 2023 judgment of the Lucas

County Court of Common Pleas sentencing him following his conviction of one count of

attempted vehicular assault.  For the following reasons, we affirm.

**I. Background and Facts**

**{¶ 2}** On June 29, 2022, Dixon was indicted on one count of vehicular assault in

violation of R.C. 2903.08(A)(2)(b), a fourth-degree felony.  The indictment stemmed

from a single-car accident that happened on April 23, 2022.  Dixon was driving around

40 m.p.h. in a 25 m.p.h. zone when he lost control of the car, jumped a curb, and hit a tree.  As a result of the accident, Dixon's passenger suffered injuries, including "a concussion and staples to her head."

{¶ 3} The day of the accident, officers filed charges related to the accident against Dixon in municipal court.  The transcript of his municipal court arraignment on April 29, 2022, which Dixon attached to his supplemental motion to dismiss this case, shows that he was charged with a speed violation and failure to control, each a minor misdemeanor, and obstructing official business, a second-degree misdemeanor.[1]  At arraignment, Dixon pleaded guilty to the speeding and failure to control charges.  The magistrate found him guilty and sentenced him to fines and court costs.  The unauthenticated docket sheet that Dixon attached to his supplemental motion to dismiss indicates that he pleaded no contest to the obstructing charge and completed a diversion class, and the municipal court dismissed the obstructing case on June 29, 2022, the day Dixon was indicted.

{¶ 4} In the trial court, Dixon moved to dismiss this case on double-jeopardy grounds.  He argued that, taken together, the speeding and failure to control charges that he pleaded guilty to in municipal court made up the "reckless" element of the vehicular assault charge—i.e., his reckless behavior for purposes of vehicular assault was driving 15 m.p.h. over the speed limit, losing control of his car, jumping a curb, and hitting a

---

[1] Nothing from the municipal court case that is in the record of this case indicates the code sections Dixon was charged with violating, but the trial court's entry denying Dixon's motion to dismiss indicates that he was charged with a speed violation under R.C. 4511.21 and operating without being in reasonable control of his vehicle under R.C. 4511.202.

2.

tree—and double jeopardy bars successive prosecutions for the same incident unless each charge requires proof of a fact that the other does not. He also argued that an exception to the double jeopardy rule did not apply because the state knew of the serious physical harm to the victim the day of the accident (before Dixon pleaded to the traffic charges), and by charging him without reserving the right to file additional charges against him in the future, the state violated the "principals [sic] of plea negotiations * * *."

{¶ 5} The state responded that, because the municipal court plea hearing did not explicitly mention the state being prohibited from filing additional charges, Dixon did "not have any reasonable expectation that his pleas to the traffic offenses prohibited the State from filing the indictment." It also argued that misdemeanor traffic offenses are not the "same offense" as vehicular assault for double-jeopardy purposes, so the state was not barred from prosecuting Dixon for vehicular assault.

{¶ 6} The trial court denied Dixon's motion to dismiss. It reasoned that the municipal court charges and vehicular assault were not the same offense because vehicular assault requires the state to prove that Dixon was acting recklessly and caused serious physical harm while operating a motor vehicle, and "[n]either of these elements are found in the charges of speeding, failure to control, and obstructing official business. Likewise, there are elements found in the three municipal court charges that are not found within the offense of vehicular assault." The court also found that (1) Dixon's guilty pleas in the municipal court were not the result of a plea agreement, so additional charges did not violate plea-bargaining principles; (2) the municipal prosecutor did not make any promises to Dixon about future charges, so his belief that the state would not file charges

3.

in the future was not reasonable; and (3) the municipal court did not have jurisdiction over the pending felony and "was without power to prevent an additional charge from being brought."

{¶ 7} Following the trial court's denial of his motion to dismiss, Dixon pleaded no contest to an amended charge of attempted vehicular assault in violation of R.C. 2903.08(A)(2)(b) and 2923.02(A), a fifth-degree felony. The trial court found him guilty and sentenced him to two years of community control.

{¶ 8} Dixon now appeals, raising one assignment of error:

The trial court abused its discretion and erred to the prejudice of Appellant by denying his motion to dismiss.

## II. Law and Analysis

{¶ 9} In his assignment of error, Dixon argues that the factual basis underlying the speed and failure to control offenses are the same facts necessary to prove that he committed vehicular assault, so his felony prosecution was for the "same offense" as the municipal court traffic violations that he pleaded guilty to and was convicted of. He contends that the mens rea of "recklessly" is statutorily implied in the offenses of speeding and failure to control, this reckless behavior is identical to the actions the state would use to meet the recklessness element of vehicular assault, and the serious physical harm Dixon caused to the victim happened as a result of him speeding and failing to control his vehicle.

{¶ 10} The state responds that the felony charge was not barred by double jeopardy because vehicular assault requires proof of an element not required for either

4.

traffic offense, so it is not the same crime as the traffic offenses, and overlap of the proof required for each charge is not enough to create a double-jeopardy bar.

{¶ 11} The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, applicable to the state through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 15. The Double Jeopardy Clause protects against three abuses: "(1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *Id.*, quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Dixon's claims implicate the second abuse. Because his claim involves a purely legal question, we review de novo the trial court's judgment denying his motion to dismiss the indictment on double-jeopardy grounds. *Id.* at ¶ 13.

{¶ 12} To determine whether a defendant has been subjected to two prosecutions for the same offense, the Ohio Supreme Court uses the "same elements" test articulated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Mutter* at ¶ 17. The *Blockburger* test applies when "the same act or transaction constitutes a violation of two distinct statutory provisions" and requires the reviewing court to evaluate the elements of each statutory provision to determine "whether each provision requires proof of a fact which the other does not." *Blockburger* at 304; *Mutter* at ¶ 17. The test focuses on the elements of the offenses, not the evidence offered in the

5.

case. *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, ¶ 20. If each offense contains an element not contained in the other, double jeopardy does not bar successive prosecutions. *State v. Lear*, 6th Dist. Lucas No. L-17-1261, 2018-Ohio-1874, ¶ 13, citing *Mutter* at ¶ 17.

{¶ 13} As relevant here, a conviction of vehicular assault under R.C. 2903.08(A)(2)(b) requires proof that the defendant, while operating a motor vehicle, recklessly caused serious physical harm to another. A conviction of operating a motor vehicle without being in control of it under R.C. 4511.202(A) requires proof that the defendant operated a motor vehicle "without being in reasonable control of the vehicle * * *." And a speed violation under R.C. 4511.21(A) requires proof that the defendant operated a motor vehicle "at a speed greater * * * than is reasonable or proper, having due regard to * * *" traffic, road, and any other conditions.

{¶ 14} A quick glance at these offenses shows that they do not have the same elements—and thus are not the "same offense" for double-jeopardy purposes. Most notably, vehicular assault requires proof of serious physical harm that is not required for either traffic offense. It is entirely possible for someone to cause the necessary serious physical harm while operating a motor vehicle without exceeding a speed limit or failing to maintain reasonable control of the vehicle. Similarly, although the traffic violations relate, broadly, to the way Dixon operated a motor vehicle, each one has a different focus and requires different proof. The failure to control statute, R.C. 4511.202, focuses on how skillfully a person operates a motor vehicle ("without being in reasonable control of the vehicle * * *"), and the speed statute, R.C. 4511.21, focuses on how fast a person

6.

operates a motor vehicle ("at a speed greater * * * than is reasonable or proper * * *").  A straightforward comparison of the elements of each statute shows that each offense contains an element not contained in the others, so double jeopardy does not bar successive prosecutions.  *Lear* at ¶ 13, citing *Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, at ¶ 17.

{¶ 15} Dixon acknowledges that these offenses are not "explicitly the same[,]" but contends that the actions underlying the traffic offenses are the same actions that show he recklessly caused serious physical harm to his victim.  While this might be true, these arguments look at the *evidence* supporting the traffic violations, not the *elements* of the offenses, and "*Blockburger* requires a comparison of elements, not evidence."  *Zima* at ¶ 35; *Mutter* at ¶ 17, quoting *United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) ("The United States Supreme Court has summarized the *Blockburger* test as an inquiry that asks 'whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.'").  Importantly, double jeopardy is "not a bar against the relitigation of issues or evidence."  *Currier v. Virginia*, 585 U.S. 493, 506, 138 S.Ct. 2144, 201 L.Ed.2d 650 (2018); *State v. Campbell*, 6th Dist. Wood No. WD-18-035, 2019-Ohio-1174, ¶ 10 (A subsequent prosecution is barred by double jeopardy only when "the second prosecution involves the same act *and* crime." (Emphasis sic.)).  Instead, the focus is on the "practical identity" of the offenses.  *Currier* at 506.  Here, the "practical identit[ies]" of vehicular assault, failure to control, and

7.

speeding are not the same, so double jeopardy does not bar a vehicular assault prosecution, regardless of the overlap of the underlying facts.

{¶ 16} Because Dixon failed to show that vehicular assault, failure to control, and speeding are the same offense, double jeopardy did not bar the state from prosecuting the vehicular assault charge. Therefore, Dixon's assignment of error is not well-taken.

### III. Conclusion

{¶ 17} For the foregoing reasons, the March 1, 2023 judgment of the Lucas County Court of Common Pleas is affirmed. Dixon is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J. _____

Myron C. Duhart, J. _____

Charles E. Sulek, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.